**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

MAY 1 2 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| DAVID LEE ANDERSON,<br>BOP No. 31149-380, | § | |
| | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CAUSE NO. SA-14-CR-123(1)-OG |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>**ORDER DISMISSING POST-APPEAL MOTIONS**</u>

The matters before the Court are (1) movant's prose motion for return of personal property, filed December 2, 2015 (ECF no. 179), and (2) the pro se supplemental motion for reconsideration, erroneously filed in this cause December 2, 2015 (ECF no. 180). For the reasons explained below, movant is not entitled to any relief from this Court at this time and his motion will be dismissed for want of jurisdiction.

<u>Background</u>

On February 19, 2014, a federal grand jury indicted movant on one count of conspiracy to possess with intent to deliver a controlled substance (methamphetamine), multiple counts of possession with intent to distribute a controlled substance, multiple counts of using and carrying a firearm in connection with a drug trafficking offense, and multiple counts of aiding and abetting the possession with intent to distribute a controlled substance (ECF no. 29). On April 15, 2015, movant entered a guilty plea before the Magistrate Judge to the conspiracy count against him pursuant to a plea agreement under which the Government dismissed the remaining counts against movant (ECF

nos. 149 & 150).[1]  On April 17, 2915, this Court accepted the Magistrate Judge's findings and recommendation and accepted movant's guilty plea (ECF no. 153).  On July 23, 2015, this Court imposed a sentence which included a term of 293 months imprisonment, to be followed by a ten-year term of supervised release (ECF no. 163).  Movant appealed (ECF no. 166).

On December 2, 2015, movant filed a motion seeking the return of movant's personal property allegedly held by the San Antonio Police Department (ECF no. 179).  The same date, for unknown reasons, the Clerk's office docketed a motion which should have been filed in cause no. SA-14-CA-1022-FB among the pleadings and motions in this cause (ECF no. 180).

Motion for Return of Property

Movant's motion for return of property cites no legal authority granting this Court the power to direct the San Antonio Police Department to return the items of personal property in question to movant within the context of this federal criminal proceeding.

Contrary to the contention implicitly underlying movant's motion for return of property, this Court does not retain plenary jurisdiction over a federal criminal proceeding following rendition of a Judgment of conviction and imposition of a criminal sentence.  "Federal district courts have only limited authority to modify final judgments in criminal cases." *United States v. Murray*, 700 F.3d 241, 242 (5th Cir. 2012).  "A trial judge lacks authority to correct a sentencing error unless Congress has provided otherwise.  Outside of such a provision of authority, errors at sentencing may be corrected only on appeal." *Id.*, at 243 (Footnotes omitted).  Any relief which movant seeks from this Court from his Judgment and Commitment Order must be expressly and specifically authorized by applicable federal statute.  Movant's motion for return of property does not invoke either 18 U.S.C.

[1] Movant's written plea agreement appears at ECF no. 144.

2

§ 3582, 28 U.S.C. § 2255, or Rule 35 of the Federal Rules of Criminal Procedure.  Nor does movant

identify any other federal legal authority which grants this Court the power to direct a non-party, i.e.,

the San Antonio Police Department, to make disposition of items of personal property allegedly in

the custody or possession of that non-party.

Federal courts exercise only limited subject matter jurisdiction; such jurisdiction must be

conferred by Congress within the bounds of the Constitution and involves the statutory or

constitutional power to adjudicate the case.  *United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir.

2015).  "The district courts of the United States shall have original jurisdiction, exclusive of the

courts of the States, of all offenses against the laws of the United States."  *United States v. Kaluza*,

780 F.3d at 654; 18 U.S.C. § 3231.  "The grand jury's issuance of an indictment is what gives federal

courts jurisdiction to hear a criminal case and impose a sentence."  *United States v. Longoria*, 259

F.3d 363, 365 (5th Cir. 2001), *cert. denied*, 537 U.S. 1038 (2002).  While this Court was authorized

to entertain movant's federal criminal prosecution, this Court does not retain plenary jurisdiction to

modify movant's sentence or to grant other relief absent specific Congressional authorization, like

that contained in 18 U.S.C. § 3582(c)(2).  Nor does movant identify any legal authority granting this

Court the power to give directives to persons or entitles which are not parties to this federal criminal

proceeding.  Movant has identified no such authorization in support of his pro se request for return

of property and this Court is aware of none.  Movant's request for a return of property allegedly held

by the San Antonio Police Department must be dismissed for want of jurisdiction.[2]  This Court lacks

---

[2] Even if this Court were to liberally construe movant's post-judgment motion as a request for
relief under 42 U.S.C. § 1983, movant has not paid the filing fee or filed an application for leave
to proceed In Forma Pauperis which complies with 28 U.S.C. § 1915(a)(2).  In addition, it is
well-settled that not every deprivation of property, wrongful or otherwise, invokes the Due
Process Clause of the Fourteenth Amendment.  The negligent act of a person operating under

personal jurisdiction over the San Antonio Police Department in connection with this federal criminal proceeding.

Insofar as movant's motion can be liberally construed as a motion for return of property under Rule 41(g), FED.R.CRIM.P., (which addresses motions seeking the return of property filed in federal criminal actions prior to the rendition of judgment in the underlying criminal case ) movant's motion must be dismissed based upon movant's failure to include in his motion a Certificate of Service indicating he served a copy of his motion upon the United States Attorney as required by

---

color of state law that results in a deprivation of personal property does not implicate the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 330-35 (1986); *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). Even the intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94-96 (5th Cir. 1996); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995) (holding no cause of action exists under §1983 if a person's property is taken by unauthorized or random conduct of a state actor if the state provides an adequate post-deprivation remedy, for instance, in state tort law); *Nickens v. Melton*, 38 F.3d 183, 184 (5th Cir. 1994), *cert. denied*, 514 U.S. 1025 (1995), (holding that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of procedural due process if a meaningful post-deprivation remedy for the loss is available); *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988); *Simmons v. Poppell*, 837 F.2d at 1244. A tort cause of action under state law is sufficient to satisfy the requirements of due process where a plaintiff alleges that he has been denied his property sans due process of law by the random or unauthorized negligent or intentional acts of a state officer. *Sheppard v. State of Louisiana Board of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (holding the burden is on the complainant to demonstrate that state tort remedies are inadequate to provide relief). Deprivations of property caused by misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist. *McGruder v. Will*, 204 F.3d at 222; *Myers v. Klevenhagen*, 97 F.3d at 94-96; *Al-Ra'id v. Ingle*, 69 F.3d at 32; *Cathey v. Guenther*, 47 F.3d at 164; *Nickens v. Melton*, 38 F.3d at 184; *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In Texas, the tort of conversion fulfills this requirement. Plaintiff does not allege any facts showing that state tort remedies are inadequate to enable him to recover the personal property allegedly taken from him or at least to recover the monetary value of same. Nothing in the Texas Tort Claims Act or any other Texas statute forecloses a private tort action by the plaintiff against the individual or individuals responsible for the allegedly unlawful seizure and retention of plaintiff's property.

4

Rules CR-49(a) and CV-5(b) of the Local Court Rules of the United States District Court for the Western District of Texas. The dismissal of movant's motion filed December 2, 2015 is without prejudice to movant's right to seek return of his property under Rule 41(g) *provided* movant properly serves the United States Attorney with a copy of his motion as required by this Court's Local Rules. Movant is also admonished, however, that following rendition of judgment in a criminal case, the correct vehicle for obtaining the recovery of property is not a Rule 41(g) motion but, rather a civil action. *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996).

The dismissal of movant's motion for return of property is also without prejudice to movant's right to file an action under 28 U.S.C. § 1331 seeking the return of his property, such as was the case in *Clymore v. United States*, 217 F.3d 370 (5th Cir. 2000). It is unclear from movant's pro se motion whether the property that is the subject of his motion has been destroyed, forfeited, or still remains in the custody of the San Antonio Police Department. Thus, it is uncertain whether movant currently has a potential cause of action against those officers responsible for the seizure of the property in question under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Pena v. United States*, 157 F.3d 984, 986-87 (5th Cir. 1998) (discussing the proper defendant, applicable limitations period, and other pleading requirements for a civil action seeking the return of property). In any event, this Court may not construe movant's motion for return of property as a civil action pursuant to § 1331 because movant did not pay the applicable filing fee and did not accompany his motion for return of property with an application for leave to proceed In Forma Pauperis which complied with 28 U.S.C. § 1915(a)(2).

5

<u>Motion filed as ECF no. 180</u>

      The Clerk will be directed to remove from this case file the motion erroneously filed as ECF no. 180.  That motion should be filed in cause no. SA-14-CA-1022-FB.

      Accordingly, it is hereby **ORDERED** that:

      1.  Movant's motion for return of personal property, filed December 2, 2015 (ECF no. 179), is **DISMISSED WITHOUT PREJUDICE for want of jurisdiction.**

      2.  The Clerk is directed to remove the motion filed as ECF no. 180 from the pleadings. motions. and other documents filed in this cause and to file that same document in cause no. SA-14-CA-1022-FB.

      **SIGNED this** \_\_\_\_\_ **day of May, 2016.**

 

                             **ORLANDO L. GARCIA**
                **CHIEF UNITED STATES DISTRICT JUDGE**