IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-50719
Summary Calendar

D.C. Docket No. 5:14-CR-123-1-OLG

FILED
JUL 1 9 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

United States Court of Appeals
Fifth Circuit
FILED
June 27, 2016
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

DAVID LEE ANDERSON, also known as David Anderson, also known as David Zoba, also known as David L. Anderson,

   Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, San Antonio

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed.

Certified as a true copy and issued
as the mandate on Jul 19, 2016

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-50719
Summary Calendar

FILED
JUL 19 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

United States Court of Appeals
Fifth Circuit
FILED
June 27, 2016
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee

v.

DAVID LEE ANDERSON, also known as David Anderson, also known as David Zoba, also known as David L. Anderson,

       Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-123-1-OLG

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

  David Lee Anderson appeals the 293-month within-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine. Anderson pleaded guilty pursuant to a plea agreement wherein he waived the right to appeal his conviction and sentence on any ground, reserving only a claim of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50719

ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

Although Anderson argues that his appeal waiver is unenforceable, our review of the record shows that the waiver was knowing and voluntary, as he knew that he had the right to appeal and that he was giving up that right by entering into the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Thus, the waiver, which has been invoked by the Government in this appeal, precludes consideration of Anderson's challenge to the substantive reasonableness of his sentence. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013). Accordingly, the appeal is DISMISSED.